**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **NITRIDE SEMICONDUCTORS CO., LTD.,** | § | |
| *Plaintiff* | § | |
| | § | **W-21-CV-00183-ADA** |
| **-vs-** | § | |
| | § | |
| **LITE-ON TECHNOLOGY CORPORATION,** | § | |
| **LITE-ON TECHNOLOGY USA, INC.,  LITE-** | § | |
| **ON, INC.,  LITE-ON TRADING USA, INC.,** | § | |
| *Defendants* | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Came on for consideration Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc.'s (collectively, "Defendants" or "Lite-On") Motion to Transfer or Stay (the "Motion"). ECF No. 18. Plaintiff Nitride Semiconductors Co., Ltd. ("Plaintiff" or "Nitride") opposes Defendants' Motion. ECF No. 28. After review of the briefing and relevant law, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Defendants' Motion.

## I.       BACKGROUND

### A.       The Parties

Plaintiff Nitride is a Japanese company with its principal place of business at 115-7, Itayajima, Akinokami, Seto-cho, Naruto-shi, Tokushima 771-0360, Japan. ECF No. 1 ¶ 13.

Defendant Lite-On Technology Corporation is a Taiwanese corporation. ECF No. 16 ¶ 14. Defendant Lite-On Technology USA, Inc., is a Delaware corporation. *Id.* ¶ 15. Defendants Lite-On, Inc. and Lite-On Trading USA, Inc. are both California companies, with their principal place of business in Milpitas, California. *Id.* ¶¶ 16, 20. Lite-On, Inc. maintains a sales office in Austin, Texas. *Id.* ¶ 19.

Digi-Key Corporation ("Digi-Key") is a distributor of Lite-On's electronic products and components. ECF No. 18 at 5. Digi-Key is located in Thief River Falls, Minnesota and is not a party to this case. However, Nitride previously filed a lawsuit against Digi-Key concerning related accused products in the District of Minnesota on September 22, 2017. *Id.* at 3; *see Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-04359-JRT-LIB (D. Minn.).

**B.     The Asserted Patent**

Nitride alleges that Lite-On's A1GaN-based UV LED products, or products containing its A1GaN-based UV LEDs, infringe Claims 2 and 9 of U.S. Patent No. 6,861,270  (the "'270 Patent"). ECF No. 1 ¶¶ 33-52. The '270 Patent is entitled "Method for Manufacturing Gallium Nitride Compound Semiconductor and Light Emitting Element." *Id.* Nitride asserts that Lite-On's exemplary LED products identified as LTPL-G35UV275GC-E, LTPL-G35UV275GR-E, LTPL-C034UVH365, and LTPL-C034UVH385 infringe the '270 Patent. ECF No. 28 at 3.

**C.     Procedural History**

Nitride filed a patent infringement action against Digi-Key on September 22, 2017, asserting that certain products manufactured by RayVio Corporation ("RayVio") and distributed by Digi-Key infringed the '270 Patent. *See Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-04359-JRT-LIB (D. Minn.) (the "Minnesota Case"). That lawsuit was stayed pending resolution of a previously filed case between Nitride and RayVio in the District Court for the Northern District of California. *See Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-02952 (N.D. Cal.) (the "RayVio Case"). The RayVio Case ended in a default judgment against RayVio. Accordingly, the United States District Court for District of Minnesota (the "Minnesota Court") lifted the stay in the Minnesota

Case and granted Nitride leave to file an amended complaint to assert additional products distributed by Digi-Key, including certain Lite-On product and LED products manufactured by three other manufacturers.

Thereafter, on February 26, 2021, Nitride filed suit in this court against Lite-On. ECF No. 1 (the "WDTX Case"). Lite-On then sought transfer of the WDTX Case pursuant to the first-to-file rule or 28 U.S.C. § 1404(a) for all Defendants, both foreign and domestic, to the District Court of Minnesota. ECF No. 18 at 1. Soon after this Motion was filed, Nitride covenanted not to sue Digi-Key for infringement of the '270 Patent with respect to the Lite-On products accused in the Minnesota Case. ECF No. 28 at 5. Nitride and Digi-Key then filed a stipulation of dismissal of the accused Lite-On products that the Minnesota Court entered on October 4, 2021. *See Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-04359-JRT-LIB, ECF No. 134 (D. Minn.).

The first-filed Minnesota Case is currently scheduled for trial on June 1, 2022. *See Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-04359-JRT-LIB, ECF No. 93 (D. Minn.). The Minnesota court held the claim construction hearing on November 5, 2021, and a claim construction order is presumably forthcoming. Fact discovery and expert discovery are already complete. *Id.* The WDTX Case is on the eve of claim construction with a proposed trial date of January 24, 2023.

## II.      LEGAL STANDARD

### A.      28 U.S.C. § 1404

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). 28 U.S.C. § 1404(a) provides that, "[f]or the convenience of parties and witnesses, . . . a district court may

transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.* "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)).

The preliminary question under Section 1404(a) is whether a civil action "might have been brought" in the transfer destination venue." *In re Volkswagen, Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (hereinafter "*Volkswagen II*"). If the destination venue would have been a proper venue, then "[t]he determination of 'convenience' turns on a number of public and private interest factors, none of which can be said to be of dispositive weight." *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004). The private factors include: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (hereinafter "*Volkswagen I*") (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1982)). The public factors include: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law." *Id.* Courts evaluate these factors based on the situation which existed at the time of filing, rather than relying on hindsight knowledge of the defendant's forum preference. *Hoffman v. Blaski*, 363 U.S. 335, 343 (1960).

The burden to prove that a case should be transferred for convenience falls squarely on the moving party. *Volkswagen II*, 545 F.3d at 314. The burden that a movant must carry is not that the alternative venue is more convenient, but that it is clearly more convenient. *Id.* at 314–15. Although the plaintiff's choice of forum is not a separate factor entitled to special weight, respect for the plaintiff's choice of forum is encompassed in the movant's elevated burden to "clearly demonstrate" that the proposed transferee forum is "clearly more convenient" than the forum in which the case was filed. *Id.* While "clearly more convenient" is not necessarily equivalent to "clear and convincing," the moving party "must show materially more than a mere preponderance of convenience, lest the standard have no real or practical meaning." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-cv-118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

### III.    ANALYSIS

#### A.    Lite-On Fails to Meet the Threshold Requirement

Inter-district transfers require either the consent of all parties or a proper venue wherein the civil action "might have been brought." 28 U.S.C. § 1404(a); *see also Volkswagen II*, 545 F.3d at 312. Nitride, by virtue of its opposition, does not consent to such a transfer. Therefore, the Court must address whether Lite-On meets the threshold question: Could the WDTX Case have been brought in the District of Minnesota? Notably, Lite-On seeks to transfer the entire case. Lite-On has not sought severance of Defendant Lite-On Technology Corporation (a foreign entity) from domestic Defendants Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc. Nor has Lite-On sought transfer of the sole foreign Defendant Lite-On Technology Corporation if transfer against the domestic Lite-On entities is denied.

### 1.    *The First-to-File Does Not Displace § 1404(a)'s Threshold Inquiry*

This Court is responsible for determining whether jurisdiction of *this case* would be proper in the transferee district, under either the first-to-file rule or section 1404(a) factors. "The Supreme Court has long recognized that § 1404(a) modified common-law principles involving transfer between federal forums." *In re SK hynix Inc.*, 847 Fed. App'x at 853; *Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955) ("When Congress adopted § 1404(a), it intended to do more than just codify the existing law on forum non conveniens.... Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying."); *cf. Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (noting that the "transfer power is ... expressly limited by the final clause of § 1404(a) restricting transfer to those federal districts in which the action 'might have been brought'"). "The first-to-file doctrine certainly has not been displaced, where § 1404(a)'s threshold conditions are met, as a tool affecting the customary multi-factor analysis of convenience and interests of justice." *In re SK hynix Inc.*, 847 F. App'x at 853 (citing *In re Nitro Fluids L.L.C.*, 978 F.3d 1308, 1311 (Fed. Cir. 2020)). But, the preliminary question is whether a party can compel transfer under the first-to-file rule even when section 1404(a)'s threshold conditions are not met. It cannot. "A contrary understanding of the interaction between the first-to-file rule and § 1404(a) would allow a judge-made doctrine to contravene a congressionally enacted statute—a result that the Supreme Court has made clear we cannot countenance." *Id.* at 854 (quoting *In re Bozic*, 888 F.3d 1047, 1054 (9th Cir. 2018)). Lite-On cannot circumvent jurisdictional requirements using the first-to-file rule. *See Phillips Petroleum Co. v. Fed. Energy Admin.*, 435 F. Supp. 1234, 1238 (D. Del. 1977) ("Th[e] dependence on other parties and a Court's discretion is inconsistent with *Hoffman v. Blaski*, *supra*, and its progeny which teach that a party mush have a right to be in the transferee forum before transfer to that forum can be

ordered."). Lite-On, therefore, must show that the WDTX Case "might have been brought" in the District of Minnesota.

### 2. Lite-On Does Not Reside or Have a Regular and Established Place of Business in the District of Minnesota

Whether the case "might have been brought" in the transferee destination forum requires analysis of 28 U.S.C. § 1400(b), which states "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." Lite-On fails to meet either the "resides" or "regular and established place of business" prong for proper venue.

First, none of the domestic Lite-On Defendants reside in Minnesota. Defendant Lite-On Technology USA, Inc., is a Delaware corporation. ECF No. 16 ¶ 15. Defendants Lite-On, Inc. and Lite-On Trading USA, Inc. are both California companies. *Id.* ¶¶ 16, 20. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517, (2017) ("We therefore hold that a domestic corporation "resides" only in its State of incorporation for purposes of the patent venue statute.").

Second, Lite-On has no regular and established place of business in the District of Minnesota. Lite-On does not address this factor, stating only that it is subject to personal jurisdiction in the District of Minnesota via the allegations in Nitride's Complaint in the Minnesota Case. ECF No. 18 at 10. But such an argument misses the mark. Lite-On must show that this case "might have been brought" in the District of Minnesota. And, as Nitride emphasizes in its responsive brief, none of the domestic defendants have a place of business in Minnesota.

Here, Lite-On seeks to offensively waive venue. But the Supreme Court has cautioned against interpreting section 1404 based on the "wish or waiver of the defendant." *Hoffman v. Blaski*, 363 U.S. at 343–44 ("[W]e do not see how the conduct of a defendant after suit has been instituted can add to the forums where 'it might have been brought.' In the normal meaning of words this language of Section 1404(a) directs the attention of the judge who is considering a transfer to the situation which existed when suit was instituted."). "The current language of § 1404(a) reinforces the understanding that the 'might have been brought' alternative is not met by the defendant asserting that it would consent to venue in the proposed transferee forum." *In re SK Hynix Inc.*, 847 Fed. App'x at 852. Neither Lite-On's motion, reply brief, or submitted evidence provides that any defendant has a regular and established place of business in the District of Minnesota. Accordingly, Lite-On fails to meet the threshold "might have been brought" language in section 1404 as venue would not have been proper under either prong in 28 U.S.C. § 1400.

Of course, Lite-On could have sought to sever or seek transfer of only foreign Defendant Lite-On Technology Corporation. But it did not, and this Court will not entertain such a result absent an explicit request of the defendant. *See In re SK Hynix Inc.*, 847 Fed. App'x 847, 852 (Fed. Cir. 2021) (denying mandamus when the district court held the threshold requirement was not met for transfer and that the defendants failed to differentiate between the foreign and domestic entities for purposes of the transfer motion).

**B.    *Volkswagen* Interest Factors also Disfavor Transfer**

Because Lite-On failed to meet the initial threshold requirement for transfer, this Court need not address whether substantial overlap exists such that the first-to-file rule should be applied. In addition, even assuming that the WDTX Case "might have been brought" in the

8

District of Minnesota, an analysis of the *Volkswagen* public and private interest factors precludes transfer.

### 1. *Private Interest Factors*

#### a) The Relative Ease of Access to Sources of Proof

Nitride argues that this factor weighs against transfer because certain manufacturers, Arrow and Mouser, are in Texas. Nitride also asserts that Lite-On has an office in Texas with employees that can access relevant sales and marketing documents regarding the accused products. Lite-On argues that the sources of proof factor is neutral. Lite-On notes that Arrow's principal place of business is in Colorado and the documents would presumably be in Colorado because that is where Lite-On works with Arrow. Furthermore, Lite-On states that documents regarding the design, manufacture, testing, marketing, and sales of its accused products are located in Taiwan or California, not Texas. This factor looks to where "the documents and physical evidence relating to" the case are located. *Volkswagen II*, 545 F.3d at 316. The Court finds that most documents are outside both forums. However, some documents related to sales and marketing and relevant distributors are in this district. In weighing the relative number of documents in this district, the Court finds that this factor weighs only slightly against transfer.

#### b) The Availability of Compulsory Process to Secure the Attendance of Witnesses

Lite-On argues that the compulsory process factor favors transfer and points to Digi-Key, the defendant in the Minnesota case. Nitride emphasizes that Digi-Key is not responsible for the importation, marketing, and sales of the accused products in this case—Lite-On is responsible. Nitride also argues that two distributors, Mouser and Arrow Electronics, each have offices in Texas and would be subject to compulsory process.

The Court finds that this factor is neutral. First, Digi-Key bears no weight in this analysis as any relationship with Lite-On is absent here and was erased in the Minnesota case via the covenant not to sue. Arrow's involvement is also neutral, as it is headquartered in Colorado but has an office in both Texas and Minnesota. Neither party has indicated any particular employee of Arrow will be an important witness. Instead, the parties simply point to office locations within each of the districts. Mouser, located in Mansfield, Texas, would be subject to compulsory process. But being a distributor does not equate to being a witness in this case. Nitride fails to provide any names or reasoning for the role Mouser would play as a witness in this litigation. *See EcoFactor, Inc. v. Ecobee, Inc.*, No. 6:20-cv-00078-ADA, 2021 WL 1535535, at *4 (W.D. Tex. Apr. 16, 2021) ("The Court gives more weight to those specifically identified witnesses and affords less weight to vague assertions that witnesses are likely located in a particular forum." (quoting *Core Wireless Licensing, S.A.R.L. v. Apple, Inc.*, No. 6:12-cv-100 LED-JDL, 2013 WL 682849, at *3 (E.D. Tex. Feb. 22, 2013))).

c)     <u>The Cost of Attendance for Willing Witnesses</u>

Both parties agree that this factor is neutral. ECF No. 18 at 12; ECF No. 28 at 10. The Court agrees.

d)     <u>All Other Practical Problems That Make Trial of a Case Easy, Expeditious and Inexpensive</u>

When considering the private interest factors, courts must consider "all other practical problems that make trial of a case easy, expeditious and inexpensive." *Volkswagen II*, 545 F.3d at 314. "Particularly, the existence of duplicative suits involving the same or similar issues may create practical difficulties that will weigh heavily in favor or against transfer." *PersonalWeb Techs., LLC v. NEC Corp. of Am., Inc.*, No. 6:11-cv-655, 2013 WL 9600333, at *5 (E.D. Tex. Mar. 21, 2013).

The District of Minnesota is familiar with '270 Patent, the asserted claims, and the claim terms. A *Markman* hearing has already been held and consisted of largely identical briefing and the exact same proposals. This factor is duplicative of the policy rationale underlying the first-to-file rule. *In re Apple Inc.*, 979 F.3d 1332, 1344 (Fed. Cir. 2020) ("[I]t is beyond question that the ability to transfer a case to a district with numerous cases involving some overlapping issues weighs at least slightly in favor of such a transfer."). Therefore, this factor weighs in favor of transfer.

### 2.   *Public Interest Factors*

#### a)   Administrative Difficulties Flowing from Court Congestion

This factor considers "[t]he speed with which a case can come to trial and be resolved[.]" *In re Genentech, Inc.*, 566 F.3d at 1347. However, this factor has been muddled by recent jurisprudence. *See, e.g.*, *In re Apple Inc.*, 979 F.3d at 1344 (indicating that a transferee forum having more pending cases than the transferor forum "is, without more, too tenuously related to any differences in speed by which [the] districts can bring cases to trial."); *In re Juniper Networks, Inc.*, No. 2021-156, 2021 U.S. App. LEXIS 29812, at *8 (Fed. Cir. Oct. 4, 2021) (the "proper" analysis "looks to the number of cases per judgeship and the actual average time to trial"); *In re Adobe Inc.*, 823 F. App'x 929, 932 (Fed. Cir. 2020), *cert. denied*, 141 S. Ct. 2469 (2021) ("Nothing about the court's general ability to set a schedule directly speaks to that issue."). To be sure, this factor is predictive and speculative. But the Federal Circuit has given no explanation as to why the number of cases per judgeship matters if having more cases in a forum is too tenuously related to differences in speed to trial. And, despite this Court's ability to hold trials largely in line with the default scheduling order, the Federal Circuit fails to justify why such a factor should be given the least amount of predictive weight.

When written, 759 patent cases were pending before this Court compared to 44 patent cases in the District of Minnesota. Judge Tunheim, the judge presiding over the Minnesota case, only had 16 pending patent cases. Trial in the related Minnesota case is scheduled for June 1, 2022. Lite-On insinuates that these cases would be consolidated for trial in the coming months. In response, Nitride cites to a summary report that shows the median time to trial for Judge Tunheim in patent cases is 908 days, with an average of 1,328 days. Conversely, Nitride relies only on the proposed scheduling order in this case with trial slated for January 24, 2023.

The Court finds this factor to be neutral. Although this Court historically gets to trial faster, Judge Tunheim of the District of Minnesota is familiar with the patent, the claims, and the overlapping facts. Furthermore, Judge Tunheim could consolidate the cases for a quicker resolution. Any difference in time to trial is likely to be minimal rendering this factor neutral.

b)  Local Interest in Having Localized Interests Decided at Home

Under this factor, the Court must evaluate whether there is a local interest in deciding local issues at home. *Volkswagen II*, 545 F.3d at 317. "A local interest is demonstrated by a relevant factual connection between the events and the venue." *Word to Info, Inc. v. Facebook, Inc.*, No. 3:14-cv-04387-K, 2015 WL 13870507, at *4 (N.D. Tex. Jul. 23, 2015). As the Federal Circuit has instructed, the focus is on where the events forming the basis for infringement occurred and not the parties' generalized connections to the forum. *In re Juniper Networks, Inc.*, 2021 WL 4343309, at *5.

Lite-On believes this factor is neutral. Nitride argues that this factor weighs against transfer because Lite-On has an office in Austin along with two distributors. Nitride sufficiently connects the facts and the basis for infringement to this forum. For example, in the Complaint, Nitride alleges that "On information and belief, Lite-On has offices in the Western District of Texas where it sells, develops, and/or markets its products, including the aforementioned office

in Austin." ECF No. 1 ¶ 19; *see also* ECF No. 16 ¶ 19 ("Defendants admit that Lite-On, Inc. maintains a sales office in Austin."). Of the two distributors, Mouser further enhances the local interest. This factor weighs against transfer.

                c)      <u>Familiarity of the Forum with the Law that will Govern the Case</u>

Lite-On argues that this factor is neutral. ECF No. 18 at 12. Nitride disagrees and states that, "As one of the busiest, if not the busiest, district courts with respect to patent litigation, this Court is well familiar with the governing laws and precedent attendant to patent infringement litigation." ECF No. 28 at 11. The Court finds that this factor is neutral.

                d)      <u>Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law</u>

Both parties agree that this factor is neutral. ECF No. 18 at 12; ECF No. 28 at 12. The Court agrees.

Five of the eight factors are neutral. The sources of proof factor weighs slightly against transfer, the local interest factor weighs against transfer, and the practical problems factor weighs in favor of transfer. On balance, Lite-On fails to show that the District of Minnesota is a *clearly* more convenient forum.

        **C.**      **Motion to Stay**

Despite denial of transfer, the underlying basis for transfer is meritorious: "The 'first-to-file' rule is a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Commc'ns Test Design, Inc. v. Contec, LLC*, 952 F.3d 1356, 1362 (Fed. Cir. 2020) (quotation and citation omitted). This Court still has the means, including a stay, "to try to fulfill the first-to-file rule's objective of avoiding 'inconsistent judgments or waste of party and judicial resources.'" *In re SK hynix Inc.*,

847 Fed. App'x at 854 (quoting *In re: VoIP-Pal.com, Inc.*, No. 2021-112, 845 Fed. App'x 940, 943 (Fed. Cir. Feb. 19, 2021)).

Both parties agree overlap exists as Claims 2 and 9 of the '270 Patent are asserted in both actions. ECF No. 18 at 6; ECF No. 28 at 12. In fact, the joint claim construction statements in the Minnesota Case and the WDTX Case contain the exact same proposed claim terms and constructions. *Compare* ECF No. 39 *with Nitride Semiconductors Co., Ltd. v. Digi-Key Corporation*, Civ. Action No. 17-cv-04359-JRT-LIB, ECF No. 97 (D. Minn.). While the exact same products may not be involved, the same type of allegedly infringing products exist. Accordingly, the Court will grant a stay until Judge Tunheim's claim construction order is filed on the docket. With the Minnesota Case's trial scheduled in the next six months, the claim construction order is likely to limit this stay to only a few months. Such a length of time will not unduly prejudice Nitride. However, such a stay will simplify the case even in its early stages of litigation.

## IV.    CONCLUSION

For the foregoing reasons, the Court **DENIES-IN-PART AND GRANTS-IN-PART** Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc.'s Motion to Transfer or Stay. ECF No. 18.

The Court **DENIES** Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc.'s Motion to Transfer under the first-to-file rule and 28 U.S.C. § 1404(a).

The Court **GRANTS** Defendants Lite-On Technology Corporation, Lite-On Technology USA, Inc., Lite-On, Inc., and Lite-On Trading USA, Inc.'s Motion to Stay. The case is **STAYED** until Judge Tunheim enters a claim construction order in the Minnesota Case. The parties are

14

**ORDERED** to provide a status report within thirty (30) days of the order's entry on the Minnesota Case's docket, including a copy of the claim construction order and a short summary of each party's positions on whether they need to brief new terms, provide supplemental briefing in light of the Minnesota Court's order, or forego a *Markman* hearing in light of the Minnesota Court's claim constructions.

      **IT IS FURTHER ORDERED** that the *Markman* hearing set for Friday, February 11, 2022 is **CANCELLED**.

      **IT IS SO ORDERED.**

SIGNED this 7th day of February, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE