# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| **NITRIDE SEMICONDUCTORS CO., LTD.,** | § § § | |
| *Plaintiff,* | § § | W-21-CV-00183-ADA-DTG |
| v. | § § § | |
| **LITE-ON TECHNOLOGY CORPORATION, LITE-ON TECHNOLOGY USA, INC., LITE-ON, INC., LITE-ON TRADING USA, INC.,** | § § § § | |
| *Defendants.* | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Opposed Motion for Leave to File Motion for Intra-District Transfer to the Austin Division (ECF No. 47). After careful consideration of the briefing and applicable law, the Court **DENIES** Defendants' Motion.

### I.   FACTUAL BACKGROUND

On June 8, 2021, Lite-On moved to stay the case based on a previously filed lawsuit in the District of Minnesota. Lite-On alternatively moved to transfer to the District of Minnesota. The Court granted a stay pending the Minnesota action. On May 18, 2022 the parties notified the Court of the dismissal of the Minnesota action. On May 23, 2022, the Court set a *Markman* hearing for June 10, 2022. ECF No. 46. The Court subsequently lifted the stay on June 9, 2022. ECF No. 52.

On June 3, 2022, Defendants filed their Opposed Motion for Leave to File Motion for Intra-District Transfer to the Austin Division. ECF No. 47. On June 10, 2022, the Court held a *Markman* hearing and on June 14, 2022, the Court issued a preliminary written claim construction order memorializing its constructions. ECF No. 54; ECF No. 57.

1

## II.    LEGAL STANDARD

In patent cases, motions to transfer under 28 U.S.C. § 1404(a) are governed by the law of the regional circuit. *In re TS Tech USA Corp.*, 551 F.3d 1315, 1319 (Fed. Cir. 2008). A party seeking transfer should not delay filing and must act with "reasonable promptness." *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Otherwise, "the court [will] expend time and effort that might become wasted upon transfer." *In re Wyeth*, 406 F. App's 475, 477 (Fed. Cir. 2010).

## III.    DISCUSSION

Defendants base their motion for leave to file a motion for intra-district transfer on its "sole presence" in Texas being in office in Austin. ECF No. 47 at 2. Defendants claim that they did not raise the transfer request earlier "due to the stay under the first-to-file rule." *Id.* Defendants also rely on their motions to transfer to the Austin Division in other cases against it in this district.

Plaintiff contends that Defendants' request is untimely under the Standing Order that Defendants rely on to seek leave to file an intra-district transfer motion. ECF No. 58 at 2. Plaintiff also claims that even if the motion is timely, Defendants have not shown good cause to justify the filing of a motion to transfer venue. ECF No. 58 at 5.

The Court finds that Defendants' request is untimely. Defendants did not seek intra-district transfer with "reasonable promptness." Defendants could have filed their motion for intra-district transfer at the same time as their motion for inter-district transfer over a year before. Alternatively, Defendants could have asked for transfer to Austin as alternative relief in their motion for inter-district transfer. However, Defendants chose to do neither of these and instead waited to file the present motion for leave roughly a year after filing their motion for inter-district transfer. Defendants rely on the stay of the case to justify the delay, but this does not explain the failure to

seek intra-district transfer before the Court stayed this case. The Court encourages early resolution of transfer disputes. Allowing Defendants to file a second motion to transfer at this stage in the case would cause unnecessary delay. The Court has conducted a *Markman* hearing and the fact discovery period is open. Accordingly, Defendants' should not be permitted to file a motion for intra-district transfer to the Austin Division.

## IV.   CONCLUSION

For the above reasons, Defendants' Opposed Motion for Leave to File Motion for Intra-District Transfer to the Austin Division (ECF No. 47) is hereby **DENIED**.

SIGNED this 8th day of September, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE